# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUZANA VANGJELI, | : | |
| *Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LINWOOD BANKS et al., | : | No. 19-1635 |
| *Defendants* | : | |

## MEMORANDUM

PRATTER, J.                                                                                          DECEMBER 12, 2019

### BACKGROUND

On May 24, 2018, Plaintiff Suzanna Vangjeli attempted to enter the Social Security Card Center in Philadelphia, PA. Defendant Triple Canopy, Inc. provides security services at the Card Center, and Defendant Linwood Banks is a security guard who works for Triple Canopy and searches entrants of the Card Center for contraband.

Upon arriving at the Card Center, Ms. Vangjeli was informed by Mr. Banks and a co-worker that she could not enter with a glass water bottle. Ms. Vangjeli alleges that, despite having complied with their instructions, Mr. Banks assaulted her as she attempted to leave the Card Center. The defendants respond that Ms. Vangjeli did not comply with their instructions, and Mr. Banks used the reasonable force necessary to detain Ms. Vangjeli and place her in handcuffs. Ms. Vangjeli asserts claims of negligence, assault and battery, and false imprisonment.

### DISCUSSION

Both parties have filed motions to compel seeking various forms of discovery. For the reasons below, Ms. Vangjeli's motion to compel is denied, and the defendants' motion to compel is granted in part and denied in part.

## I. Ms. Vangjeli's Motion to Compel

Ms. Vangjeli seeks discovery related to an altercation between Mr. Banks and another security officer that occurred in August 2019. The events underlying Ms. Vangjeli's claims allegedly occurred in May 2018. Ms. Vangjeli has not established that the August 2019 altercation is in any way related to her case, or how it could serve as proper and admissible impeachment material. For these reasons, the Court denies her motion to compel.

## II. Defendants' Motion to Compel

The defendants seek to compel (1) Ms. Vangjeli to sit for another deposition regarding her alleged damages, (2) a mental evaluation of Ms. Vangjeli, and (3) an extension of all deadlines.

First, the Court will not order Ms. Vangjeli to sit for another deposition. She answered many questions related to her alleged harm in her October 15, 2019 deposition, and she has provided a numerical breakdown of the damages she seeks in response to the defendants' motion. To the extent there are any additional documents related to these damages categories, however, Ms. Vangjeli shall provide them to the defendants.

Second, the Court will not order a mental evaluation at this time. Ms. Vangjeli must, however, provide the defendants with prior medical records and current relevant records if her claims for relief related to emotional distress, mental pain, and the like are to move forward. The Court welcomes a request for such records to be governed by a confidentiality order.

Third, the request to extend deadlines is moot. The Court has considered both motions to compel outside the set discovery period (which the parties may extend, fact and/or expert, upon agreement without the involvement of the Court), and the defendants have already filed their motion for summary judgment. No deadlines require the Court's attention at this time.

## CONCLUSION

For the foregoing reasons, Ms. Vangjeli's motion to compel is denied, and the defendants' motion to compel is granted in part and denied in part. An appropriate Order follows.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE