# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUZANA VANGJELI, <br> *Plaintiff* | : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : | |
| LINWOOD BANKS *et al.*, <br> *Defendants* | : <br> : | No. 19-1635 |

## MEMORANDUM

PRATTER, J.                                                                                       APRIL 3, 2020

The defendants claim that Suzana Vangjeli never filed a jury demand and move to strike this matter from the jury calendar. For the reasons below, the Court denies the motion to strike.

### BACKGROUND

Ms. Vangjeli filed a lawsuit in the Philadelphia Court of Common Pleas alleging negligence, assault and battery, and false imprisonment against security guard Linwood Banks and his employer, Triple Canopy, Inc., related to an alleged altercation at the Social Security Office in Philadelphia, Pennsylvania. On the complaint's "Civil Cover Sheet," Ms. Vangjeli checked the box next to "Non-Jury" under the heading "Court Programs."

The defendants removed the case to this Court and filed an answer. They did not request a jury trial. Ms. Vangjeli never filed a written demand for a jury trial. Following an initial pretrial conference, the Court issued a scheduling order setting a trial pool date of January 21, 2020.[1] The scheduling order stated that "[t]he case will be tried to a jury." June 24, 2019 Order ¶ 14.

---

[1] The trial pool date has since been rescheduled to March 31, 2020. A "pool" date is *not* a date certain.

1

On March 3, 2020, the defendants moved to strike the case from the Court's jury calendar. Ms. Vangjeli opposes the motion and, in the alternative, asks the Court to grant a jury demand, *nunc pro tunc*.

## LEGAL STANDARD

Federal Rule of Civil Procedure 38 provides that a party may demand a jury trial on "any issue triable of right by a jury" by "serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and . . . filing the demand in accordance with Rule 5(d)." FED. R. CIV. P. 38(b). If a jury demand is not properly made, then the issues "are to be tried by the court." FED. R. CIV. P. 39(b). However, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." *Id.* "Therefore, a district court may still grant a jury trial, even where the demand was untimely made." *U.S. S.E.C. v. Infinity Grp. Co.*, 212 F.3d 180, 195 (3d Cir. 2000).

When considering whether to grant an untimely jury demand, a district court should consider "1) whether the issues are suitable for a jury; 2) whether granting the motion would disrupt the schedule of the Court or the adverse party; 3) whether any prejudice would result to the adverse party; 4) how long the party delayed in bringing the motion; and 5) the reasons for the failure to file a timely demand." *Id.* at 196.

## DISCUSSION

In support of the motion to strike, the defendants argue that Ms. Vangjeli never filed a jury demand and the Court should not excuse her inadvertence. Ms. Vangjeli responds that she relied on the Court's scheduling order stating that the case would be tried to a jury and asks that the Court deny the motion to strike or, in the alternative, grant a demand for a jury trial.

For the reasons that follow, the Court denies the defense motion to strike.

### I. Whether the Issues are Suitable for a Jury

Ms. Vangjeli brings claims of negligence, assault and battery, and false imprisonment. The defendants concede that "Plaintiff asserts claims that are generally suitable for trial by jury." Mot. 2 (citing *Ebron v. Golden Living Ctr.-Stenton*, No. 14-03080, 2015 WL 1021301, at *1 (E.D. Pa. Mar. 9, 2015)). Therefore, the factor of whether the issues presented are suitable for a jury weighs against granting the motion to strike and in favor of trying the case to a jury.

### II. Whether Granting the Motion Would Disrupt the Schedule of the Court or the Adverse Party

The defendants claim that the second factor weighs in favor of denying Ms. Vangjeli's demand for a jury trial because they "have been anticipating a non-jury trial since Plaintiff filed her complaint on March 8, 2019." Mot. 3. However, the scheduling order in this matter, which the Court issued on June 24, 2019, stated that Ms. Vangjeli's case would be tried to a jury and placed the defendants on notice of a jury trial.

The defendants argue that they "assume that this notation that the case would be tried to a jury was inadvertently included in the June 24 Scheduling Order." Mot. 3. However, their own assumptions are not a valid basis for disregarding the Court's order. "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Baker v. U.S. Marshal Serv.*, No. 12-494, 2014 WL 2534927, at *2 (D.N.J. June 5, 2014) (quoting *Dag Enterprises, Inc. v. ExxonMobil Corp.*, 226 F.R.D. 95, 104 (D.D.C. 2005)). "Indeed, disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of litigation, and reward the indolent and the cavalier." *Id.*

The Court's scheduling order stated that the case would be tried to a jury. If the defendants believed this notation was inadvertent or otherwise in error, they could have and should have sought clarification or moved to amend the scheduling order to reflect a bench trial. They did

3

neither. Rather, the litigation proceeded under the June 24, 2019 scheduling order as issued. Therefore, denying the defendants' motion to strike and trying the case to a jury would have no impact on the Court's schedule. Nor should it impact the defendants given that they have been on notice that the case would be tried to a jury since June 24, 2019, long before the close of discovery.[2] This second factor weighs against granting the motion to strike and in favor of trying the case to a jury.

### III. Whether Any Prejudice Would Result to the Adverse Party

The defendants claim prejudice because they "face the 'possibility of increased defense costs associated with the presentation of their case to a jury, rather than to the court.'" Mot. 3 (quoting *Reis v. Barley, Snyder, Senft & Cohen LLC*, No. 05-01651, 2008 WL 859238, at *6 (E.D. Pa. Mar. 27, 2008)). They argue that this "additional cost would certainly prejudice [D]efendant[s] to some degree." *Id.* (alterations in original) (quoting *Reis*, 2008 WL 859238, at *6).

Ms. Vangjeli argues that the defendants fail to provide "a single example on how their costs would increase should this case proceed to a jury as indicated by the Scheduling Order." Opp'n 4. Indeed, it is unclear why the defendants would have conducted the litigation in anticipation of a bench trial when they have known since June 24, 2019 that the case was scheduled to be tried to a jury. Moreover, with many costly obligations attendant to bench trials, such as reviewing the trial transcript and preparing proposed findings of fact and conclusions of law, it is not at all certain that jury trials are more costly to conduct than bench trials. Therefore, this factor also weighs against granting the motion to strike.

---

[2] Discovery was scheduled to be completed by October 4, 2019, and the Court addressed motions to compel as late as December 2019.

## IV. How Long the Party Delayed in Bringing the Motion

The defendants filed an answer to the complaint on April 22, 2019. This filing triggered the 14-day period during which Ms. Vangjeli could file a jury demand, making Ms. Vangjeli's demand due by May 6, 2019. Ms. Vangjeli did not file a written jury demand. This makes her current request to have the case tried to a jury approximately 10 months late.

However, the Court's scheduling order stating that the case would be tried to a jury was issued on June 24, 2019, seven weeks after Ms. Vangjeli's deadline to file a jury demand had passed. The Court finds that this seven-week delay is a fairer calculation of Ms. Vangjeli's delay because Ms. Vangjeli should not be penalized for relying on the Court's scheduling order, which parties should treat as controlling of the litigation. At the time that the Court's scheduling order was issued, the discovery deadline was months away. Those seven weeks likely had little to no impact on the defendants' approach to the litigation (and if they did, the defendants have not informed the Court of this impact), and for that reason the Court finds that the fourth factor does not weigh in favor of granting the motion to strike.

## V. The Reasons for the Failure to File a Timely Demand

Although Ms. Vangjeli claims that she relied on the Court's scheduling order in failing to file a jury demand after June 24, 2019, there remains the fact that seven weeks passed between Ms. Vangjeli's May 6, 2019 deadline to file a jury demand and the Court's issuance of the scheduling order. Ms. Vangjeli concedes that her failure to file a jury demand at that time was the result of inadvertence. *See* Opp'n 5 ("Plaintiff's normal procedure would be to demand a jury trial at the time she filed a reply to New Matter. Because this matter was initially commenced with the Court of Common Pleas of Philadelphia and then was removed to Federal Court by the Defendants and responses were not required, Plaintiff's protocol was inadvertently not triggered.").

The Third Circuit Court of Appeals has noted that "[c]ourts in this Circuit generally deny relief when 'the only basis for such relief advanced by the requesting party is the inadvertence or oversight of counsel.'" *Infinity Grp. Co.*, 212 F.3d at 195 (quoting *Plummer v. Gen. Elec. Co.*, 93 F.R.D. 311, 313 (E.D. Pa. 1981)). "However, this is not a mechanical rule." *Id.* As this Court has explained:

> Technical insistence upon imposing a penalty for default by denying a jury trial is not in the spirit of the rules. . . . The court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application.

*Plummer*, 93 F.R.D. at 313 (quoting 9 WRIGHT & MILLER, FED. PRAC. & PROC. CIV. § 2334 (3d ed. 1971)).

Here, Ms. Vangjeli failed to file a jury demand due to the inadvertence of counsel. However, seven weeks after the deadline to file a demand had passed, the Court issued a scheduling order stating that the case would be tried to a jury. The defendants did not seek clarification of this admittedly over-assuming order,[3] nor did they move to amend the order. Rather, the defendants waited until March 2020, more than eight months later, to move to strike the case from the Court's jury calendar. The defendants do not provide any explanation for why they have waited to make this request. And once the defendants sought to strike the case from the jury calendar, Ms. Vangjeli swiftly filed her opposition and, in the alternative, demand for a jury trial two days later.

Under the unique facts of this case, the Court finds that the factors support denying the defendants' motion to strike and trying the case to a jury.

---

[3] The Court's recollection of the initial discussions with the parties at the start of this case is not entirely unambiguous on this point. At a minimum, the Court's scheduling order appears to have contributed to the present dilemma, prompting the Court to acknowledge, with apologies to both parties, its unintended role in this procedural dispute.

6

## Conclusion

For the foregoing reasons, the Court denies the defendants' motion to strike the case from the Court's jury calendar. An appropriate order follows.

BY THE COURT:

_____
**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**